Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

Division

|  |  |
|---|---|
| First Data Merchant Services, LLC | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | |
| Fox Capital Group, Inc. and Cemetery Equity Solutions, Inc. | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

**I.    The Parties to This Complaint**

   **A.    The Plaintiff(s) in Interpleader**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | First Data Merchant Serivces, LLC, attn: Ms. Lacy Lee |
   | Street Address | 1201 West Peachtree Street NW, Suite 1100 |
   | City and County | Atlanta |
   | State and Zip Code | Georgia 30309 |
   | Telephone Number | 303-253-6000 |
   | E-mail Address | lrlee@polsinelli.com |

   **B.    The Defendant(s) in Interpleader**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

Defendant No. 1

| | |
|---|---|
| Name | Cemetery Equity Solutions, Inc. |
| Job or Title *(if known)* | |
| Street Address | 6010 White Horse Road |
| City and County | Greenville |
| State and Zip Code | South Carolina 29611 |
| Telephone Number | 864-631-1630 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Fox Capital Group, Inc. |
| Job or Title *(if known)* | |
| Street Address | 21701 Stevens Creek Blvd., Unit 2796 |
| City and County | Cupertino |
| State and Zip Code | California 95015 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

## II.     Basis for Jurisdiction and Venue

There are two types of interpleader actions, each brought under a different provision.  Which type of interpleader action are you bringing?  *(check one)*

☐ I am bringing this interpleader action under Federal Rule of Civil Procedure 22.  *(Fill out Section A below.)*

☒ I am bringing this interpleader action under 28 U.S.C. § 1335.  *(Fill out Section B below.)*

### A.     Interpleader Action Under Rule 22

1. Jurisdiction is proper because the action *(check all that apply)*:

   ☐ arises under a federal statute, a federal treaty, and/or a provision of the United States Constitution *(specify the relevant statutory, treaty, and/or constitutional provisions)*:

   ☐ meets the jurisdictional requirements of 28 U.S.C. § 1332, under which no plaintiff may be a citizen of the same State as any defendant, and the amount at stake must exceed the sum or value of $75,000:

   a.    The Plaintiff(s)

   i. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   ii.   If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

b. The Defendant(s)

i. If the defendant is an individual

The defendant, *(name )* _____, is a citizen of the State of *(name )* _____.
Or is a citizen of *(foreign nation)* _____.

ii. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name )* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

c. The Amount in Controversy

The amount in controversy−the amount the plaintiff claims the defendant owes or the amount at stake−is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

2. Venue is proper under 28 U.S.C. § 1391 because *(check one)*:

☐ all of the defendants live in _____ *(a common State)* and at least one defendant lives in _____ *(county, State)*, which is located in this court's judicial district.

☐ a substantial part of the property that is the subject of this complaint for interpleader is situated in _____ *(county, State)*, which is located in this court's judicial district.

☐ there is no district in which this action may otherwise be brought. The court has personal jurisdiction over the defendants for the following reasons *(identify the connections the defendants have with the judicial district)*:

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

B. **Interpleader Action Under 28 U.S.C. § 1335**

1. In order for this court to have jurisdiction over this action, at least two defendants must be citizens of different States as defined in 28 U.S.C. § 1332(a) or (c), and the value of the property in controversy must be at least $500.

    a. Interpleader Defendant No. 1

        i. If the defendant is an individual

            The defendant, *(name)* _____, is a citizen of the State of *(name)* _____.
            Or is a citizen of *(foreign nation)* _____.

        ii. If the defendant is a corporation

            The defendant, *(name)* Cemetery Equity Solutions, Inc. , is incorporated under the laws of the State of *(name)* South Carolina , and has its principal place of business in the State of *(name)* South Carolina . Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    b. Interpleader Defendant No. 2

        i. If the defendant is an individual

            The defendant, *(name)* _____, is a citizen of the State of *(name)* _____.
            Or is a citizen of *(foreign nation)* _____.

        ii. If the defendant is a corporation

            The defendant, *(name)* Fox Capital Group, Inc. , is incorporated under the laws of the State of *(name)* California , and has its principal place of business in the State of *(name)* California . Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

      c.    The Property in Controversy

          The property in controversy is worth $    $15,343.04 .

2.    Venue is proper under 28 U.S.C. § 1397 because at least one defendant, *(name)* Cemetery Equity Solutions, Inc. , resides in South Carolina *(county, State)*, which is located in this court's judicial district.

## III. Statement of Interpleader Action

A.    Describe the property that is the subject of this interpleader action, and explain why you are in possession of the property. Explain why each of the defendants claims an entitlement to the property.

Plaintiff First Data Merchant Services LLC ("First Data") is a payment card processing company. As a payment processor, First Data facilitates the movement of funds from the company that issued the payment card to the merchant or payee's account at a financial institution. Defendant Cemetery Equity Solutions, Inc. ("Judgment Debtor") does not have a holding account with First Data, as First Data is merely the payment processor for the Judgment Debtor's retail transactions. First Data does not generally hold any funds involved in these retail transactions for the benefit of either the companies that issue payment cards or payees. Because First Data is primarily a payment processor, it only holds funds when ordered to do so by court order.

Judgment Debtor and First Data entered into that certain MPAA and Program Guide governing the terms of how First Data would process the credit card payments made by customers of the Debtor with payments from the various credit card companies (the "Merchant Agreement").

On October 22, 2018, Defendant Fox Capital Group, Inc. (the "Judgment Creditor") receieved judgment against the Judgment Debtor in the Supreme Court of the State of New York Kings County (the "New York Court").  On October 8, 2019, an Execution (the "Levy") by Judgment Creditor was sent to First Data. In compliance with New York law and the Levy, First Data froze the $15,343.04 of Judgment Debtor which remain in First Data's possession (the "Funds").

Judgment Debtor has asserted that the Funds are not subject to the Levy because "[i]n the State of SC, a lender can't place a lien, mortgage, or control cemetery funds.  It is illegal for any entity absent a court order to interfere with pre need funds, as those are not the company funds- [the Judgment Debtor] place[d] those funds once collected into a trust that is audited annually and monitored by the State Cemetery Board, and an independent Trustee until the individual dies and the products and services are used [pursuant to SC Code § 40-8-90 (2018)]."  Thus, assert the Funds belong to the Judgment Debtor.

B.    Plaintiff has *(check one)*:

    ☒    deposited *(the property at issue)* $15,343.04 into the registry of the court

    ☐    given a bond payable to the clerk of court in the amount of $ _____ , which the court has deemed proper and which is conditioned upon compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

    C.    Explain why you are in great doubt as to which defendant(s) is/are entitled to the property subject to the interpleader action. Explain why you cannot determine which claim(s) is/are valid without exposing yourself to potential double litigation.

> The Judgment Debtor asserts the Funds should be handed over it it because they "are not cemetery funds- they are customer funds that will be placed into trust." Judgment Creditor asserts the Levy controls and the Funds should be handed over to the Marshall to distribute. Thus, two parties claim rightful claim to the Funds, exposing First Data to double liability if it distributes the Funds to the other party.

## IV. Relief

The plaintiff requests that *(check all that apply)*:

☒ Each defendant be restrained from instituting any action against the plaintiff for recovery of the property or any part of it.

☒ The defendants be required to interplead and settle among themselves their rights to the property and that the plaintiff be discharged from all liability.

☒ The plaintiff recover costs and reasonable attorney's fees.

☒ The court grant any further relief as may be just and proper under the circumstances of this case.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff     _____
Printed Name of Plaintiff  _____

    B.    **For Attorneys**

Date of signing: _____

72167369.1

Pro Se 12 (Rev. 12/16) Complaint for Interpleader and Declaratory Relief

| | |
|---|---|
| Signature of Attorney | /s/ Lacy R. Lee |
| Printed Name of Attorney | Lacy R. Lee |
| Bar Number | 100671 |
| Name of Law Firm | Polsinelli PC |
| Street Address | 1201 West Peachtree Street NW, Suite 1100 |
| State and Zip Code | Georgia 30309 |
| Telephone Number | 404.253.6012 |
| E-mail Address | lrlee@polsinelli.com |

72167369.1